UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TRACEY BEEMAN, | ) | CASE NO. 1: 23-cv-276 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | ) | |
| | ) | |
| U.S. DEPARTMENT OF VETERAN | ) | |
| AFFAIRS, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

**Background and Introduction**

*Pro se* Plaintiff Tracey Beeman has filed this action against the U.S. Department of Veteran Affairs ("VA"). (Doc. No. 1.) She did not pay the filing fee, but instead, filed a motion to proceed *in forma pauperis*. (Doc. No. 2.) She also filed a motion for appointment of counsel. (Doc. No. 3.)

In her complaint, Plaintiff states only "wrongful termination" and indicates that she seeks to "reclaim employment." (*See* Doc. No. 1 at 4.) Beyond these bare assertions, the complaint provides no further explanation or allegations. It alleges no facts or specific legal claims.

Plaintiff simply attaches to her complaint a copy of a decision of the Equal Employment Opportunity Commission ("EEOC"). (Doc. No. 1-2.) This decision on its face states that it is a denial of a request Plaintiff made for reconsideration of an EEOC decision finding no discrimination with respect to a complaint she filed with the Agency. The decision states that Plaintiff worked as a Health Technician at the VA's Cleveland Medical Health Center and was terminated during her probationary period. In a complaint she filed with the EEOC, she alleged "the Agency subjected her to a hostile work environment based on race (Black), age (50), and in

reprisal for protected EEO activity" when her supervisor: (1) assigned her more demanding work than her "non-Black peers"; (2) constantly watched her and singled out her work ethic and production; (3) made comments indicating that she was being watched and that her job was at stake; and (4) participated in an event that was "misconstrued and used against her in termination charges." (*Id*. at 1-2.)[1]

Plaintiff's motion for appointment of counsel is denied. Appointment of counsel in civil cases is "justified only by exceptional circumstances" which the Court does not find exist here. *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993). Her motion to proceed *in forma pauperis* is granted. For the following reasons, her complaint is dismissed.

## Standard of Review and Discussion

Districts courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to review all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

To survive a dismissal for failure to state a claim under § 1915(e)(2)(B), the complaint must set forth sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) for determining a motion to dismiss under Fed. R. Civ. P. 12(b)(6) governs

---

[1] The EEOC found that Plaintiff provided no evidence warranting reconsideration of its decision finding no discrimination on the basis of these allegations and informed her of her right to sue in federal court.

dismissals for failure to state a claim under § 1915(e)(2)(B)). Although detailed factual allegations are not required, the "allegations must be enough to raise a right to relief above the speculative level" on the assumption they are true. *Twombly*, 550 U.S. at 555. Additionally, they must be sufficient to give the defendants "fair notice of what [the plaintiff's] claims are and the grounds upon which they rest." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

Further, although the standard of review of *pro se* pleadings is liberal, the generous construction afforded *pro se* plaintiffs has limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

Plaintiff's complaint must be dismissed for failure to state a claim in accordance with § 1915(e)(2)(B). The unclear and purely conclusory assertions in her complaint of "wrongful termination" and "reclaim employment" fail to meet basic pleading requirements and are insufficient to state any plausible federal employment discrimination claim even under the liberal standard accorded *pro se* plaintiffs. Even *pro se* pleadings must satisfy basic pleading requirements, and courts are not required to conjure allegations or construct claims for them in determining whether their complaint states a claim for relief. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008); *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008); *Erwin v. Edwards*, 22 Fed. App'x 579, 580 (6th Cir. Dec. 4, 2001).

Further, even if the Court liberally construes Plaintiff's complaint as intending to assert a claim or claims under federal anti-discrimination laws based on her contentions as summarized in the EEOC's decision, her action still warrants dismissal.

To demonstrate a *prima facie* case of discrimination, a plaintiff must show that "(1) he or she was a member of a protected class; (2) he or she suffered an adverse employment action; (3) he or she was qualified for the position; and (4) he or she was replaced by someone outside the

protected class or was treated differently than similarly-situated, non-protected employees." *DiCarlo v. Potter*, 358 F.3d 408, 415 (6th Cir. 2004). To demonstrate the fourth element of a claim on the basis of disparate treatment, a plaintiff must show that she was treated less favorably than an employee outside of her protected class who was similarly situated to her in "all relevant respects." *Wright v. Murray Guard, Inc.*, 455 F.3d 702, 710 (6th Cir. 2006). She must show that an employee outside of her protected class who dealt with the same supervisor, was subject to the same standards, and engaged in the same conduct as she did was treated more favorably. *Id.*; *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 583 (6th Cir.1992).

Plaintiff has not identified facts plausibly demonstrating these elements. Her conclusory contention that she was assigned more difficult work than "non-Black peers" does not permit a plausible inference that any employee outside of her alleged protected classes (of either age or race) who similarly-situated to her in "all relevant respects" was treated more favorably than she was.

Nor are Plaintiff's contentions sufficient to suggest plausible claims of retaliation or a hostile work environment.

To establish a *prima facie* claim of retaliation, a plaintiff must show that: (1) she engaged in activity protected by federal anti-discrimination laws; (2) this exercise of protected rights was known to defendant; (3) defendant thereafter took adverse employment action; and (4) there was a causal connection between the protected activity and the adverse employment action. *Canitia v. Yellow Freight Sys., Inc.*, 903 F.2d 1064, 1066 (6th Cir.1990).

To demonstrate a claim for a hostile work environment, a plaintiff must show that: (1) she was a member of a protected class; (2) she was subjected to unwelcome harassment; (3) the harassment was based on a protected characteristic; and (4) the harassment unreasonably

interfered with her work performance or created a hostile or offensive work environment that was severe and pervasive; and (5) the employer knew or should have known of the charged harassment and failed unreasonably to take prompt and appropriate corrective action. *Fenton v. HiSAN, Inc.*, 174 F.3d 827, 829-30 (6th Cir. 1999).

Plaintiff has not provided factual content from which the Court may reasonably infer the elements of these claims. Plaintiff has failed to identify any protected activity in which she engaged and for which she could have been subjected to unlawful retaliation. And her unclear and conclusory contentions that her work was scrutinized and that she was assigned more demanding work than "non-Black peers" by her supervisor fail to support plausible inferences that she experienced unlawful "severe and pervasive" harassment, harassment "based on" her age or race, or that her employer knew of harassment and failed to take corrective action as necessary to demonstrate a hostile-work environment claim.

## Conclusion

Based on the foregoing, Plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be good faith.

**IT IS SO ORDERED.**

Date: June 14, 2023

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE